**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

STATE OF WASHINGTON, et al.,

Plaintiffs-Appellees,

v.

No. 25-807

DONALD J. TRUMP, et al.,

Defendants-Appellants.

**OPPOSITION TO PLAINTIFF STATES' MOTION FOR LIMITED
REMAND AND TO HOLD APPEAL IN ABEYANCE**

Plaintiffs assert that this case should be remanded to the district court for further factual development related to the universal injunction the district court issued. That request should be rejected. The question before this Court—both in clarifying the scope of the Supreme Court's stay order and in the underlying appeal—is whether the record supports the district court's entry of a universal injunction instead of more narrow relief tailored to the "financial injuries" and "administrative burdens flowing from citizen-dependent benefits programs" the States allege. *CASA* slip op. 18. The States identify no additional evidence they would submit on that issue, and there is no reason to delay matters in this Court with unnecessary and duplicative proceedings in the district court.

1. This is an appeal from a universal preliminary injunction entered at the behest of the State plaintiffs. This Court denied a stay of the injunction and expedited

the appeal.  Briefing was completed on April 25, 2025.  Oral argument was held on June 4, 2025.

2.  On June 27, the Supreme Court partially granted the federal defendants' application for a stay of the injunction pending appeal "to the extent that the injunctio[n] [is] broader than necessary to provide complete relief to each plaintiff with standing to sue." *Trump v. CASA, Inc.*, 606 U.S. __ (2025), slip op. 26.  The Supreme Court's order left it to lower courts to resolve whether the States had standing and whether the injunction was necessary to provide them relief, determinations necessary to give practical effect to the partial stay pending appeal that the Supreme Court granted.

3.  The States urge that this Court should vacate its supplemental briefing order and direct further proceedings in district court.  They assert that further proceedings are needed "if the federal government seeks to show that the court can afford the Plaintiff States complete relief with a narrower injunction" to allow "develop[ment of] the record and arguments as appropriate in light of *CASA* and crystallize the issues for this Court's review."  Mot. 2.

4.  That request fundamentally misunderstands the posture of this case and the parties' relative burdens.  Plaintiffs appear to believe that they start with a presumption of universal relief and that the government bears the burden of proving that some narrower remedy is sufficient.  That theory finds no purchase in *CASA* or any other decision.  Plaintiffs bear the burden to establish their entitlement to an

2

injunction, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), and as the Supreme Court just made clear, the requirement that a court issue relief tailored to the injured party before the court is a fundamental limitation on the court's power to act, *CASA* slip op. 18. The parties have already briefed the application of that principle, *see* Gov't Br. 49-52; States Br. 57-62; Reply Br. 30-31, and this Court's supplemental briefing order allows the parties to expand on those arguments in light of *CASA*.

That supplemental briefing and the subsequent disposition by this Court of the open questions regarding the scope of the stay is the appropriate course both for swiftly clarifying the scope of the Supreme Court's stay order and for resolving the underlying appeal, which presents the same issue and for which this Court would need supplemental briefing in any event. If the record does not support the universal injunction the district court entered, then the States failed to carry their burden to establish their entitlement to universal injunctive relief, and the injunction is within the scope of the stay granted by the Supreme Court and should also be reversed by this Court to the extent it extends beyond those bounds. And in any event, the States' motion notably does not articulate any evidence the States believe necessary, beyond what they have already submitted, to assert that they are entitled to a universal injunction instead of relief tailored to the financial injuries they assert.

5. At a minimum, there is no basis for this Court to "vacate its order for supplemental briefing." Mot. 3. As noted, this Court would require supplemental briefing regardless to resolve this appeal, which is otherwise fully briefed and was

3

argued over a month ago. And delay in resolving the appeal is all the more unwarranted given that multiple other grounds exist on which to dissolve the injunction in its entirety or as it extends beyond the individual plaintiffs, including that the States lack Article III standing to sue, Gov't Br. 44-49; Reply Br. 28-30; lack standing to assert the rights of third parties, Gov't Br. 42-44; Reply Br. 24-28; and are not likely to prevail on the merits, Gov't Br. 11-41; Reply Br. 3-23. To the extent the States believe that further district-court proceedings should be limited to proceedings on the stay pending appeal that the Supreme Court granted, then there is plainly no reason to delay resolution of the appeal.

6. If any district court proceedings are necessary, they should occur on remand from this Court after it issues its decision. Such a decision would provide guidance and structure to the district court proceedings by clarifying what factual issues are unresolved and how the legal standards apply. In particular, if the States wish to contend that *CASA* creates a presumption of universal relief in favor of the plaintiff and then shifts the burden at the preliminary injunction stage to a defendant to put forward factual evidence about the scope of a preliminary injunction, they should present that argument in this Court, rather than demanding duplicative proceedings in district court under that disputed and mistaken premise.

Respectfully submitted,

BRETT A. SHUMATE
  *Assistant Attorney General*

ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
SHARON SWINGLE
BRAD HINSHELWOOD

 *s/ Derek Weiss*
Derek Weiss
(202) 616-5365
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Room 7230*
  *Washington, DC 20530*

JULY 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response satisfies the type-volume requirements set out in Rule 27(d)(2)(A) because it contains 941 words.  This motion was prepared using Microsoft Word in Garamond, 14-point font, a proportionally spaced typeface.


*s/ Derek Weiss*
Derek Weiss